SABRINA A. TAYLOR
12244 Riverside Drive, #207
Valley Village, CA 91607
323-903-7667

In Pro Per



FILED
CLERK, U.S. DISTRICT COURT
FEB 21 2018
CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

SACV18 00301-JVS-DFMx

| | |
|---|---|
| WOODMAN-SYLVAN PROPERTIES, INC., | ) |
| Plaintiff(s), | ) CASE: |
| vs. | ) NOTICE OF REMOVAL |
| SABRINA A. TAYLOR, DOES 1 TO 10, | ) |
| Defendant(s). | ) |

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please Take Notice that defendant Sabrina A. Taylor ("Defendant") hereby removes to this Court the above-captioned action described further below:

### I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

Plaintiff, Woodman-Sylvan Properties, Inc., ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Los Angeles, entitled:

NOTICE OF REMOVAL

ORIGINAL

WOODMAN-SYLVAN PROPERTIES, INC.
vs
SABRINA A. TAYLOR, DOES 1 TO 10

Defendant's Demurrer to the complaint for unlawful detainer was based on a defective Notice to quit. A copy of the relevant pleadings, i.e., summons, complaint, and Demurrer are attached hereto as "Exhibit A."

1. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

2. There are no other named Defendants in the action.

3. No previous request has been made for the relief requested.

4. The Superior Court of California for the County of Los Angeles is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to U.S.C. § 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.

8. Defendant filed the Demurrer to the complaint based on a 3-Day Notice, i.e., Notice to Pay Rent or Quit, that failed to comply with *Code of Civil Procedure* § 1161(2).

9. Notwithstanding said violation of *Code of Civil Procedure* § 1161(2), the Superior Court for the County of Los Angeles did not sustain the Demurrer.

10. Federal question exists because Defendant's Demurrer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law.

NOTICE OF REMOVAL

2

Wherefore Sabrina A. Taylor respectfully removes this action from the California Superior Court for the County of Los Angeles this Court pursuant to 28 United States Code Sections 1331 and 1441.

Respectfully,

Dated: _____February 21, 2018_____       By: _____[signature]_____
                                          SABRINA A. TAYLOR
                                          DEFENDANT, PRO PER

NOTICE OF REMOVAL

3

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**
**UNLAWFUL DETAINER—EVICTION**
**(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)**

SUM-130

FOR COURT USE ONLY
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 2 2 2017

Sherri R. Carter, Executive Officer/Clerk

BY _____, Deputy
LUIS MONARREZ

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
SABRINA A. TAYLOR
DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
WOODMAN-SYLVAN PROPERTIES, INC.

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

1. The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF PASADENA-NORTHEAST
300 EAST WALNUT ST.
300 EAST WALNUT ST.
PASADENA, CA. 91101
NORTHEAST BRANCH

CASE NUMBER:
(Número del Caso):
17PDUD00300

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
VALERIE E. GILBERT, ATTORNEY AT LAW     818-780-9387
VALERIE E. GILBERT, SBN 84384
6454 VAN NUYS BLVD., SUITE 150
VAN NUYS, CA. 91401

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: DEC 2 2 2017        Clerk, by LUIS MONARREZ, Deputy
(Fecha)                   (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

4. NOTICE TO THE PERSON SERVED: You are served
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of (specify):
   c. [ ] as an occupant
   d. [ ] on behalf of (specify):
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
             [ ] CCP 415.46 (occupant)            [ ] other (specify):

5. [ ] by personal delivery on (date):

Page 1

Form Adopted for Mandatory Use
Judicial Council of California
Rev July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**



Code of Civil Procedure §§ 412.20, 415.456

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
VALERIE E. GILBERT, ATTORNEY AT LAW
VALERIE E. GILBERT, SBN 84384
6454 VAN NUYS BLVD., SUITE 150
VAN NUYS, CA. 91401
TELEPHONE NO: 818-780-9387   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF

**UD-100**
FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 300 EAST WALNUT ST.
MAILING ADDRESS: 300 EAST WALNUT ST.
CITY AND ZIP CODE: PASADENA, CA. 91101
BRANCH NAME: NORTHEAST BRANCH

CONFORMED COPY OF ORIGINAL FILED
Los Angeles Superior Court
DEC 22 2017
Sherri R. Carter, Executive Officer/Clerk
By LUIS MONARREZ, Deputy

PLAINTIFF: WOODMAN-SYLVAN PROPERTIES, INC.
DEFENDANT: SABRINA A. TAYLOR
[X] DOES 1 TO 10

**COMPLAINT — UNLAWFUL DETAINER***
[X] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 17PDUD00300

Jurisdiction (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
  Amount demanded [X] does not exceed $10,000
                  [ ] exceeds $10,000 but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
  [ ] from unlawful detainer to general unlimited civil (possession not in issue)   [ ] from limited to unlimited
  [ ] from unlawful detainer to general limited civil (possession not in issue)     [ ] from unlimited to limited

1. PLAINTIFF (name each): WOODMAN-SYLVAN PROPERTIES, INC.
   alleges causes of action against DEFENDANT (name each): SABRINA A. TAYLOR

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years.     (4) [ ] a partnership.
                    (2) [ ] a public agency.                            (5) [X] a corporation.
                    (3) [ ] other (specify):
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   12244 RIVERSIDE DR., #207, VALLEY VILLAGE, CA. 91607

4. Plaintiff's interest in the premises is [X] as owner  [ ] other (specify):
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 02/20/10     defendant (name each): SABRINA A. TAYLOR
   (1) agreed to rent the premises as a [ ] month-to-month tenancy [X] other tenancy (specify): ONE YEAR+ LE
   (2) agreed to pay rent of $ 950.00 payable [X] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [X] first of the month [ ] other day (specify):
   b. This [X] written [ ] oral agreement was made with
   (1) [ ] plaintiff.                       (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent.               (4) [ ] other (specify):

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Approved for Optional Use
Judicial Council of California
UD-100 [Rev. July 1, 2005]

COMPLAINT—UNLAWFUL DETAINER

Civil Code
Code of Civil Procedure

6

PLAINTIFF (Name): WOODMAN-SYLVAN PROPERTIES, INC.

DEFENDANT (Name): SABRINA A. TAYLOR

CASE NUMBER:

☐ The defendants not named in Item 6a are
    (1) ☐ subtenants.
    (2) ☐ assignees.
    (3) ☐ other (specify):

d. ☒ The agreement was later changed as follows (specify): TENANCY IS NOW MONTH TO MONTH. RENT IS NOW $1380.00 PER MONTH.

e. ☒ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless Item 6f is checked. See Code Civ. Proc., § 1166.)

f. ☐ (For residential property) A copy of the written agreement is not attached because (specify reason):
    (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) ☐ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

☒ a. Defendant (name each): SABRINA A. TAYLOR

was served the following notice on the same date and in the same manner:
    (1) ☐ 3-day notice to pay rent or quit
    (2) ☐ 30-day notice to quit
    (3) ☒ 60-day notice to quit
    (4) ☐ 3-day notice to perform covenants or quit
    (5) ☐ 3-day notice to quit
    (6) ☐ Other (specify):

b. (1) On (date): 12/18/17 the period stated in the notice expired at the end of the day.
    (2) Defendants failed to comply with the requirements of the notice by that date.

c. All facts stated in the notice are true.

d. ☒ The notice included an election of forfeiture.

e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc. § 1166.)

f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required for items 7a–e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
    (1) ☐ by personally handing a copy to defendant on (date):
    (2) ☐ by leaving a copy with (name or description):
        a person of suitable age and discretion, on (date): at defendant's
        ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on
        (date): because defendant cannot be found at defendant's residence
        place of business.
    (3) ☒ by posting a copy on the premises on (date): 10/16/17 ☐ AND giving a copy to a person residing at the premises AND mailing a copy to defendant at the premises on
        (date): 10/16/17
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☒ because no person of suitable age or discretion can be found there.
    (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
    (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

b. ☐ (Name):
was served on behalf of all defendants who signed a joint written rental agreement.

c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.

d. ☐ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

7

COMPLAINT—UNLAWFUL DETAINER

| | |
|---|---|
| PLAINTIFF (Name): WOODMAN-SYLVAN PROPERTIES, INC.<br>DEFENDANT (Name): SABRINA A. TAYLOR | CASE NUMBER: |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☐ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $
11. ☒ The fair rental value of the premises is $ 46.00 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 12.)
13. ☒ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):

    Plaintiff has met all applicable requirements of the ordinances.
15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. PLAINTIFF REQUESTS
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☐ past-due rent of $
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from (date): 12/19/17 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other (specify):

18. ☐ Number of pages attached (specify): _____

**UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)**

19. (Complete in all cases.) An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state):

    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on (date):

Date: DEC 1 9 2017

VALERIE E. GILBERT, ATTORNEY AT LAW
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**
(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)
I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

SEE ATTACHED VERIFICATION
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF PLAINTIFF)

8

July 1, 2005   COMPLAINT—UNLAWFUL DETAINER

1 | SABRINA A. TAYLOR
  | 12244 Riverside Drive, #207
2 | Valley Village, CA 91607
  | 323-903-7667
3
  | In Pro Per
4

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**JAN 04 2018**

Sherri R. Carter, Executive Officer/Clerk
By: Karolina T. Arteaga, Deputy

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES

WOODMAN-SYLVAN PROPERTIES, INC.,

        Plaintiff(s),

vs.

SABRINA A. TAYLOR, DOES 1 TO 10,

        Defendant(s).

Case No. 17PDUD00300

DEFENDANT'S NOTICE OF DEMURRER AND DEMURRER TO COMPLAINT;

Date: 1/31/2018
Time: 8:30 a.m.
Dept: A

**BY FAX**

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on 1/31/2018 at 8:30 a.m., or soon thereafter as it may be heard in Department A of the above-entitled court, located at 300 East Walnut Street, Pasadena, CA 91101, Defendant, Sabrina A. Taylor, hereinafter ("Defendant") will present their Demurrer to Plaintiffs, Woodman-Sylvan Properties, Inc., (hereinafter "Plaintiff") Complaint for Unlawful Detainer.

The Demurrer will be based on Plaintiff's Complaint for Unlawful Detainer, the

DEFENDANT'S NOTICE OF DEMURRER
AND DEMURRER TO COMPLAINT